IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.  24-CR-97

JORDAN LIPPERT,

          Defendant.

---

### PLEA AGREEMENT

The defendant, JORDAN LIPPERT, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 3 of the Indictment which charges a violation of Title 18, United States Code, Sections 933(a)(1) and (a)(3) (Conspiracy to Traffic in Firearms), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a

violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that the defendant did knowingly conspire and agree;

   b. to ship, transport, transfer, cause to be transported or otherwise dispose of one or more firearms to another person;

   c. in or otherwise affecting interstate commerce; and

   d. knowing or having reasonable cause to believe that the use, carrying or possession of the firearm by the recipient would constitute a felony.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. In early July 2023, the defendant, JORDAN LIPPERT, and co-defendant, Gino Peace Salter ("Salter"), entered into an agreement whereby the defendant, a Pennsylvania State resident, agreed to purchase firearms and provide them to Salter, a New York State resident, for transport and transfer in and affecting interstate commerce.

   b. On or about July 18, 2023, the defendant purchased one firearm, namely, a Glock 19, 9 mm handgun, bearing serial number BSCG572, for Salter from McKean County E-Sales, located in Smethport, Pennsylvania. In connection with the acquisition of this firearm, the defendant falsely represented on an ATF Form 4473 that she was to be the actual purchaser of the firearm, when in truth and in fact, the defendant purchased the firearm to give to Salter. Following the acquisition of the firearm, the defendant and Salter caused the firearm to be transported into the Western District of New York.

c. On or about July 19, 2023, the defendant purchased two firearms, namely, a Stoeger, 9 mm, STR-9C pistol, bearing serial number T6429-21S18757, and a Smith and Wesson, SDVE, 9 mm handgun, bearing serial number FEH2046, for Salter from Dunham's Sports, located in Bradford, Pennsylvania. In connection with the acquisition of these firearms, the defendant falsely represented on an ATF Form 4473 that she was to be the actual purchaser of the firearms, when in truth and in fact, the defendant purchased the firearms to give to Salter. Following the acquisition of the firearms, the defendant and Salter caused the firearms to be transported into the Western District of New York.

d. On or about July 21, 2023, the defendant purchased two firearms, namely, a Ruger SR9, 9 mm, handgun, bearing serial number 335-91567, and a Ruger SR9, 9 mm, handgun, bearing serial number 337-96483, for Salter from McKean County E-Sales, located in Smethport, Pennsylvania. In connection with the acquisition of these firearms, the defendant falsely represented on an ATF Form 4473 that she was to be the actual purchaser of the firearms, when in truth and in fact, the defendant purchased the firearms to give to Salter. Following the acquisition of the firearms, the defendant and Salter caused the firearms to be transported into the Western District of New York.

e. On July 21, 2023, Salter sold the Stoeger, 9 mm, STR-9C pistol outlined in paragraph (c), above, to another individual in Buffalo, New York.

f. On or about July 23, 2023, the defendant attempted to purchase two firearms, namely, a Canik, 9 mm, pistol, model PT9, bearing serial number T6472-22CB40051, and a Glock, 9 mm, pistol, model 43, bearing serial number BHYN178 for Salter. In connection with the acquisition of these firearms, the defendant falsely represented on an ATF Form 4473 that she was to be the actual purchaser of the firearms, when in truth and in fact, the defendant purchased the firearms to give to Salter. The defendant was unable to secure these firearms until August 9, 2023, due to a fifteen-day hold. On August 9, 2023, following the acquisition of the firearms, the defendant and Salter caused the firearms to be transported into the Western District of New York.

g. After purchasing each of the firearms outlined in the above paragraphs (b)-(f), the defendant physically transferred the firearms to Salter while located in Bradford, Pennsylvania. The defendant received some form of payment, usually a few hundred dollars, as kickback for agreeing to purchase the firearms for Salter. The defendant admits that she was aware, and had reason to know, that Salter was not a Pennsylvania State resident, but rather a New York State resident, and that she was aware, and had reason to know, that Salter's possession of the firearms constituted a felony. The defendant admits that she was aware that

3

Salter intended to further sell the firearms she purchased for him to other individuals in the Buffalo, New York, area.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2K2.1(a)(7) applies to the offense of conviction and provides for a base offense level of **12**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics apply:

   a. The **two-level** increase pursuant to Guidelines § 2K2.1(b)(1)(A) (Between 3-7 firearms involved in the offense conduct).

   b. The **five-level** increase pursuant to Guidelines § 2K2.1(b)(5)(C)(ii) (the defendant conspired to transport, transfer, sell, or otherwise dispose of or purchase or receive with intent to transport, transfer, sell, or otherwise dispose of, two or more firearms, knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully).

### ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **19.**

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **16**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **16** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **21 to 27 months, a fine of $10,000 to $250,000, and a period of supervised release of 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range.

This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

16. The defendant represents that she is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

　　a.　provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

　　b.　respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

　　c.　advocate for a specific sentence consistent with the terms of this agreement;

　　d.　modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

　　e.　oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18. At sentencing, the government will move to dismiss the open counts in Indictment 24-CR-97, pending against the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the term of imprisonment of **21 to 27** months, a fine of **$10,000 to $250,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **21 to 27** months, a fine of **$10,000 to $250,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, JORDAN LIPPERT, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *(signature)*
STACEY N. JACOVETTI
Assistant United States Attorney

Dated: December 30, 2024

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Paul Dell, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*(signature)*
JORDAN LIPPERT
Defendant

Dated: December 30, 2024

*(signature)*
PAUL DELL, ESQ.
Attorney for the Defendant

Dated: December 30, 2024